[Civ. No. 4692. Second Appellate District, Division Two.—April 25, 1928.]

ELIZABETH M. CAMPBELL, Respondent, v. C. B. SUMMAR, Appellant.

Holcomb & Holcomb for Appellant.

Seth B. Smith and Lucas F. Smith for Respondent.

CRAIG, J.—In this action the plaintiff's complaint contains two counts, the first for money had and received by the defendant in the sum of $716, and the second alleging a written promise· and agreement by defendant to pay the plaintiff the sum of $716. The answer, in addition to denying the material allegations of the complaint, asks affirmative relief by way of two counterclaims, one for $125 and the other for $253.95. It also alleges the existence of a partnership between the parties, and asks for an accounting by the plaintiff. Judgment was given for the full sum demanded, $716. The trial court made but one finding, which was:

"That on or about November 1st, 1921, defendant made his certain instrument in writing whereby he ·promised and agreed to pay to plaintiff the sum of seven hundred and sixteen ($716.00) dollars; that no part of said sum has been paid to plaintiff."

The court, probably inadvertently, failed to make any finding upon the issues presented in the defendant's answer, but since an examination of the reporter's transcript shows that evidence was produced by the defendant tending to support his counterclaims, the failure to find thereon was erroneous, and prejudicially so.

■ The instrument executed on November 1, 1921, by the defendant and by which the court finds that the defendant promised to pay the plaintiff the sum of $716, reads as follows:

"C. S. Summar Co.
"Real Estate
"1705 So. Vermont Ave.
"Los Angeles.

"Received of Elizabeth M. Campbell $716.00 borrowed money and office money.

"(Signed)   C. S. SUMMAR."

This writing, on its face, is a mere receipt. However, since the words "borrowed money" are used, it is of sufficiently doubtful meaning to warrant the reception of evidence to determine the intention of the parties, and particularly of the signer of the instrument at the time he executed it. ■ Yet from the testimony offered in that behalf most favorable to the plaintiff and respondent, it cannot be said that the intent was to promise to pay Mrs. Campbell the entire $716 at any time. She said in her testimony that $440 of the $716, which she claimed was given by her to Summar, was to erect a building. When asked if she loaned this money she said, "I did not loan it to him"; I put it up for a half for my son-in-law, Mr. F. A. Ryker." "It was to be half of what the building cost, and he was to put up a like sum." She then detailed the business relations of the parties, her claim concerning the $440 being that she had advanced it under an arrangement by which her son-in-law was to become a partner of the defendant, and the money was to be used to construct a building, which the defendant never built. From this statement it is apparent that the evidence does not support the finding that the defendant promised and agreed to pay the plaintiff $716. As to the amount not included in the $440, it may be that the writing was so intended.

The judgment is reversed.

Works, P. J., and Hazlett, J., *pro tem.*, concurred.